IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LISA M. MCKENDREE, et al.,

      Plaintiff,     Case No. 1:11 dp 21562

 -vs-

                  O R D E R

DEPUY ORTHOPAEDICS, INC.,

      Defendant.

KATZ, J.

### BRIEF BACKGROUND

  Lisa and David McKendree (hereinafter "Plaintiffs") filed their complaint on March 21, 2011, and properly served Defendant DePuy Orthopaedics, Inc., on March 28th. Nearly four months later, on July 26, 2011, Plaintiffs moved for and default was entered in the Southern District of Georgia. (Doc. Nos. 7 and 8.) Defendant contemporaneously filed its answer and motion to set aside on August 4, 2011. On August 15, 2011, a transfer order from the Judicial Panel on Multidistrict Litigation was docketed assigning this case to the nationwide litigation involving ASR hip systems. *In re DePuy Orthopaedics, Inc., ASR™ Hip Implant Products Liability Litigation*, 1:10 md 2197 (N.D. Ohio).

  This matter is before the Court on Defendant's motion to set aside the entry of default, Plaintiffs' opposition and Defendant's reply thereto. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons that follow, Defendant's motion is well taken.

### MOTION TO VACATE ENTRY OF DEFAULT JUDGMENT

*A. Applicable Legal Standard*

  Under Fed. R. Civ. P. 55(a), the Court "may set aside an entry of default for good cause."

> In determining whether to set aside a clerk's entry of default for good cause, courts generally consider the following factors: (1) whether the default is culpable or willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir.1996).

*Voter Verified, Inc. V. Premier Election Solutions, Inc.*, 2010 WL 1002648 (M.D. Fla. 2010). The district court is vested with discretion in determining good cause for this purpose. *See generally* 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 55.70 (3D ED. 2011). The party seeking relief bears the burden of establishing basis to set aside the entry of default. *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999).

*B. Discussion*

As noted by Plaintiffs' counsel, Defendant is involved in multiple cases in this MDL alone. Shortly after Plaintiffs' complaint was filed and at a status conference (in the lead case) on April 5, 2011, lead counsel reported that there were approximately 530 MDL cases and over 400 similar cases pending in various state courts. Since that time, an additional 1,181 cases have been filed which raises the total number of cases in the MLD to over 1,700, not including the 763 state court cases.

To deal with this large volume of cases, Defendant implemented procedures to process complaints. In this particular instance, service was completed upon Defendant's registered agent but was not forwarded to DePuy's outside counsel. Defendant undertook an investigation once the motion for entry of default was filed and determined that the person responsible for processing the papers suffered a family emergency on the date the summons and complaint were forwarded to her. Additionally, local counsel for Defendant (in Georgia), once apprized of the situation,

contacted Plaintiffs' counsel to determine whether the entry could be vacated by consent. However, counsel for Defendant filed its motion to set aside the entry of default as a cautionary measure.

Plaintiffs' attempt to characterize Defendant's actions under these circumstances as wilful is unavailing. Where "a party wilfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Compania Interamericana Export-Import, S.A.,* 88 F.3d at 951-52, citing *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194-95 (6th Cir. 1986). The Defendant has demonstrated that once it was aware of the motion for entry of default, it moved to swiftly investigate, contact opposing counsel to work on a resolution and then quickly filed its motion to vacate all within an eight day period. *Compare E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 529 (11th Cir. 1990) (factor in denying motion to vacate default included counsel's delayed filing of a motion to set aside the default until nearly four months after a notice of appearance was filed). In the case *sub judice*, Defendant's conduct does not rise to the level of intentional or reckless disregard. Therefore, the Court finds the Defendant has demonstrated that its actions were neither culpable or willful.

As for prejudice to the Plaintiffs, the Defendant states there is no prejudice since Plaintiffs' counsel recently filed similar cases against DePuy, was aware of the Defendant's answer in each of those cases and a participant in other MDL cases. In addition, the Defendant cites to the delay by Plaintiffs in filing for an entry of default as a factor in considering prejudice.

"Prejudice must be something other than would be experienced by the ordinary litigant." MOORE'S FEDERAL PRACTICE ¶ 55.70[2][C] N18. Based upon the circumstances in this case and its

3

inclusion into this MDL, the Court cannot find that any prejudice will result to Plaintiffs by failing to set aside the entry of default.

The existence of a meritorious defense favors resolution in favor of vacating an entry of default to allow cases to proceed on the merits. *Id.* at [D]. Here, the Defendants have asserted a multitude of defenses which clearly meet this standard.

## CONCLUSION

Having considered the above factors and particular circumstances in this case, the Court finds Defendant has established good cause to justify setting aside the entry of default. Accordingly, Defendant's motion to set aside the entry of default (Doc. No. 7) is granted. The Clerk is instructed to set aside the entry of default as contained in Doc. No. 8.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE